NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTT BACKUS, *Appellant*.

No. 1 CA-CR 23-0192
FILED 06-18-2024

Appeal from the Superior Court in Yavapai County
No. V1300CR202280018
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Diane Leigh Hunt
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

_____

**H O W E**, Judge:

¶1          Scott Backus appeals the trial court's denial of his motion to suppress in his drug possession case. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          In January 2022, a Yavapai County Sheriff's deputy surveilled a particular Cottonwood gas station known for drug activity. He noticed a woman whom he knew to be a local drug user in a vehicle with Backus. The officer spoke with the woman briefly, asking for consent to search her and her purse, which she denied. The officer ended the encounter soon after.

¶3          During this interaction, another officer observed the woman, whom he knew to be involved with drugs. The officer observed Backus and his companion repeatedly enter and exit the vehicle, changing seat positions several times. At one point, an unidentified man walked up to the vehicle, conversing with its occupants briefly before leaving. Finding this behavior suspicious, the observing officer radioed dispatch to ascertain whether either of the pair had any warrants. Dispatch informed the officer that neither Backus nor the woman had any arrest warrants, but also stated that neither individual had a valid driver's license.

¶4          Shortly thereafter, the officer observed the vehicle leave the gas station parking lot, with the woman driving. He followed in his patrol vehicle as they took a circuitous route to some apartment buildings, where the officer switched on his lights and initiated a stop. Backus immediately exited the vehicle; the officer instructed him to get back in the passenger seat. He argued, but eventually complied. The officer informed the vehicle's driver that he had stopped her because she did not have a valid driver's license. After the woman stated that she did have a valid license, the officer again radioed dispatch and inquired as to the woman's date of birth and driver's license status; dispatch then realized it had made a mistake, and informed the officer that the woman's driver's license was, in fact, valid.

**¶5**        Meanwhile, a witness approached a second officer who had just arrived on-scene and informed him that Backus had dropped something near the front of the vehicle. Upon searching, officers found a bag of blue pills lying on the ground where Backus had earlier been standing. Backus was arrested and charged with possession of narcotic drugs and drug paraphernalia. After testing, the pills were determined to be fentanyl.

**¶6**        Before trial, Backus moved to suppress the pills based in part on the law enforcement's erroneous belief that the vehicle's driver did not have a valid driver's license. Backus argued that because the officer initiated the traffic stop based solely on this false information, the detention was an illegal seizure, tainting all evidence discovered as a result of the stop. After an evidentiary hearing, the trial court denied his motion, finding that the mistake constituted a good-faith exception to the exclusionary rule. Backus was found guilty of drug possession but not guilty of possession of drug paraphernalia. The court suspended the imposition of sentence and placed Backus on a four-year period of supervised probation. Backus timely appealed and this court has jurisdiction. Ariz. Const. art. II, § 24; A.R.S. § 13–4033(A).

## DISCUSSION

**¶7**        The only issue in this appeal is whether the good-faith exception to the exclusionary rule applied when officers detained Backus, mistakenly believing his companion to not possess a valid driver's license. As a passenger, Backus has standing to contest the legality of the stop. *See State v. Gomez*, 198 Ariz. 61, 62 ¶ 6 (App. 2000) (finding that passengers have standing to challenge legality of a traffic stop because the stop results in seizure of both driver and passengers). This court "review[s] the denial of a motion to suppress evidence for abuse of discretion, considering the facts in the light most favorable to sustaining the ruling." *State v. Valenzuela*, 239 Ariz. 299, 302 ¶ 9 (2016). "We review de novo the applicability of the good-faith exception." *State v. Weakland*, 246 Ariz. 67, 69 ¶ 5 (2019).

**¶8**        "The exclusionary rule 'is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect.'" *State v. Fisher*, 141 Ariz. 227, 240 (1984) (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)). Because the rule is intended to deter unconstitutional search and seizure by police, it would be inapposite to apply the rule in cases where police reasonably believed their conduct to be lawful. *See Weakland*, 246 Ariz. at 69 ¶ 6. This is known as the good-faith exception, which Arizona has codified in statute. A.R.S. § 13-3925(C) ("The

trial court shall not suppress evidence that is otherwise admissible in a criminal proceeding if the court determines that the evidence was seized by a peace officer as a result of a good faith mistake or technical violation.").

¶9 Here, the officer relied on the dispatcher's information, which happened to be mistaken. Backus contends that because the police made the mistake themselves, the stop was unconstitutional and the evidence from it should be suppressed. However, he relies on outdated and extra -jurisdictional caselaw to support his contention. In *Herring v. United States*, the United States Supreme Court clarified that not all police errors justify the exclusionary rule's application. 555 U.S. 135, 139–40 (2009). Where an officer's reliance on information is reasonable—for example, reliance on a recordkeeping system that is not known to be riddled with mistakes or otherwise haphazardly maintained—the exclusionary rule serves no deterrent purpose and thus need not apply. *Id.* at 146–48. Here, no evidence shows that the officer would have had reason to doubt the dispatcher's information. Suppressing the pills would not deter bad police conduct; the good-faith exception thus squarely applies, and Backus's challenge fails.

## CONCLUSION

¶10 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AGFV